**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| MARCELLA JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:05-CV-442 |
| | § | |
| HOME DEPOT USA, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Home Depot USA, Inc.'s ("Home Depot") Motion to Transfer Venue (#7).  Defendant seeks a transfer of venue under 28 U.S.C. § 1404(a) from the United States District Court for the Eastern District of Texas, Beaumont Division, to the United States District Court for the Southern District of Texas, Houston Division.  Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, this court is of the opinion that a transfer of venue is warranted.

I.      Background

Plaintiff Marcella Johnson ("Johnson") resides in Pearland, Brazoria County, Texas.  Defendant Home Depot is a Delaware corporation with its principal place of business located in Atlanta, Georgia.  At all times material to this action, Johnson was an employee of Home Depot.  She worked at the Silver Lake/Pearland Home Depot store located at 10111 Broadway Street in Pearland, Brazoria County, Texas.

On June 29, 2005, Johnson filed suit in this court alleging that she had sustained bodily injuries during the regular course and scope of her employment when she tripped and fell over a

section of register that another Home Depot employee had dislodged and placed in the path of customers and employees.  Johnson asserts that Home Depot was negligent "in failing to provide [her] with a safe place to work," "in failing to coordinate the work so that it would be performed in a safe manner," "in failing to promulgate and/or enforce safety regulations," "in assigning [her] to perform work in a manner which was not conducive to the safe performance of her duties," and "in dislodging the board/section in question."  In its answer, filed July 22, 2005, Home Depot denied that the injuries and damages allegedly sustained by Johnson were the direct and proximate result of any acts and/or omissions of negligence attributable to Home Depot.  On July 22, 2005, Home Depot filed its motion to transfer venue to the Southern District of Texas, Houston Division.

II.    Analysis

       A.    General Considerations

       When the selected venue is proper, a motion to transfer venue from one district or division to another is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a); *see In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *Action Indus., Inc. v. United States Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003); *Seabulk Offshore, Ltd. v. Dyn Marine Servs., Inc.*, 201 F. Supp. 2d 751, 754 (S.D. Tex. 2002); *Barnett v. Kirby Inland Marine, Inc.*, 202 F. Supp. 2d 664, 666-67 (S.D. Tex. 2002); *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001).  The purpose of this statute "is to prevent the waste 'of time, energy and money' and 'to

2

protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)); *accord DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003); *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 829 (E.D. Tex. 2002).

Under § 1404(a), the movant has the burden of demonstrating that a change of venue is warranted. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.), *cert. denied*, 493 U.S. 935 (1989); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Brown v. Petroleum Helicopters, Inc.*, 347 F. Supp. 2d 370, 372 (S.D. Tex. 2004); *Shoemake*, 233 F. Supp. 2d at 829; *Seabulk Offshore, Ltd.*, 201 F. Supp. 2d at 754; *LeDoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835, 837 (E.D. Tex. 2002); *Barnett*, 202 F. Supp. 2d at 666; *Hanby*, 144 F. Supp. 2d at 676. To prevail, the moving party must show that the balance of convenience and justice weighs heavily in favor of a transfer of venue. *See Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 563 (N.D. Tex. 2003); *DataTreasury Corp.*, 243 F. Supp. 2d at 593; *see also Shoemake*, 233 F. Supp. 2d at 829; *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000) (citing *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994)). "'Therefore, when assessing the merits of a § 1404(a) motion, [the] court must determine if a transfer would make it substantially more convenient for the parties to litigate the case.'" *Gardipee v. Petroleum Helicopters, Inc.*, 49 F. Supp. 2d 925, 928 (E.D. Tex. 1999) (quoting *Gundle Lining Constr. Corp.*, 844 F. Supp. at 1165).

The decision to transfer a pending case is committed to the sound discretion of the district court. *See Van Dusen*, 376 U.S. at 616; *In re Volkswagen AG*, 371 F.3d at 203; *Casarez v.*

3

*Burlington N./Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999); *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998), *cert. denied*, 526 U.S. 1157 (1999); *Shoemake*, 233 F. Supp. 2d at 829; *LeDoux*, 218 F. Supp. 2d at 836.  "[T]he trial court must exercise its discretion in light of the particular circumstances of the case." *Hanby*, 144 F. Supp. 2d at 676 (citing *Radio Santa Fe, Inc. v. Sena*, 687 F. Supp. 284, 287 (E.D. Tex. 1988)); *accord Shoemake*, 233 F. Supp. 2d at 829 (citing *Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999)).  "The first issue that a district court must address in ruling on a motion to transfer under § 1404(a) is the question of whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d at 433; *accord In re Volkswagen AG*, 371 F.3d at 203; *Purdy v. Munden*, 356 F. Supp. 2d 658, 659 (E.D. Tex. 2005); *Barnett*, 202 F. Supp. 2d at 667.  In the case at bar, the parties do not dispute that venue is proper and that the case could have been brought in the Southern District of Texas because "a substantial part of the events or omissions giving rise to the claim occurred" there.  28 U.S.C. § 1391(a).

When, as here, the movant meets this threshold requirement, motions to transfer are adjudicated by a district court through "individualized, case-by-case consideration[s] of convenience and fairness." *Van Dusen*, 376 U.S. at 622; *accord Jackson v. West Telemarketing Corp. Outbound*, 245 F.3d 518, 522 (5th Cir.), *cert. denied*, 534 U.S. 972 (2001); *Shoemake*, 233 F. Supp. 2d at 829-30.  "In considering a motion to transfer venue, courts weigh factors relating to (1) the litigants' convenience and (2) the public interest in the fair and efficient administration of justice." *Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504, 509 (E.D. Tex. 2003) (citing *Mohamed*, 90 F. Supp. 2d at 771).  A motion to transfer venue under § 1404(a) thus calls

on the district court to weigh various case-specific factors. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Jackson*, 245 F.3d at 522 n.9; *Von Graffenreid*, 246 F. Supp. 2d at 563. "The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d at 203 (citing *Action Indus., Inc.*, 358 F.3d at 340 (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986))); *Bolt v. Toyota Motor Corp.*, 351 F. Supp. 2d 597, 599 (E.D. Tex. 2004).

Private interest factors, which involve the preferences and conveniences of the parties and witnesses, include:  (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *See In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)); *Action Indus., Inc.*, 358 F.3d at 340 n.8 (citing *Syndicate 420 at Lloyd's London*, 796 F.2d at 831); *Purdy*, 356 F. Supp. 2d at 659.  The Fifth Circuit has held that "the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)." *In re Volkswagen AG*, 371 F.3d at 206 (citing *In re Horseshoe Entm't*, 337 F.3d at 434 ("[t]he factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue")); *see Shoemake*, 233 F. Supp. 2d at 833-34. Accordingly, the location of Johnson's counsel in Beaumont has no bearing on whether this court should retain the case in this forum.

The public interest factors address broader objectives, such as:  (1)  the local interest in having localized disputes decided at home; (2) the administrative difficulties flowing from court

congestion; (3) the familiarity of the forum with the law that will govern the case and the avoidance of unnecessary problems of conflict of laws in the application of foreign law. *See In re Volkswagen AG*, 371 F.3d at 203 (citing *Reyno*, 454 U.S. at 241 n.6); *Action Indus., Inc.*, 358 F.3d at 340 n.8 (citing *Syndicate 420 at Lloyd's London*, 796 F.2d at 831); *Purdy*, 356 F. Supp. 2d at 659; *Bolt*, 351 F. Supp. 2d at 599; *Shoemake*, 233 F. Supp. 2d at 835; *LeDoux*, 218 F. Supp. 2d at 837.

      B.      Private Interest Factors

      1.      The Relative Ease of Access to Sources of Proof

The relative convenience of the witnesses is often recognized as the most important factor to be considered when ruling on a motion under § 1404(a). *See Seabulk Offshore, Ltd.*, 201 F. Supp. 2d at 755; *LeDoux*, 218 F. Supp. 2d at 837; *Woolf v. Mary Kay, Inc.*, 176 F. Supp. 2d 642, 650 (N.D. Tex. 2001), *cert. denied*, 125 S. Ct. 2530 (2005); *Houston Trial Reports, Inc. v. LRP Publ'ns, Inc.*, 85 F. Supp. 2d 663, 668 (S.D. Tex. 1999).  "In terms of witnesses, venue is considered convenient in the district or division where the majority of witnesses are located." *Shoemake*, 233 F. Supp. 2d at 832 (citing *Robertson,* 42 F. Supp. 2d at 657); *accord Mohamed*, 90 F. Supp. 2d at 775.

In considering the availability and convenience of witnesses, a court must concentrate primarily upon the availability and convenience of key witnesses. *See Shoemake*, 233 F. Supp. 2d at 832; *McGinnis v. Eli Lilly & Co.*, 181 F. Supp. 2d 684, 687 (S.D. Tex. 2002); *Houston Trial Reports, Inc.*, 85 F. Supp. 2d at 668; *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992).  Indeed, "'[t]he convenience of one key witness may outweigh the

convenience of numerous less important witnesses.'" *Houston Trial Reports, Inc.*, 85 F. Supp.

2d at 668 (quoting *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex.

1998)); *accord Continental Airlines, Inc.*, 805 F. Supp. at 1396; *see also Dupre*, 810 F. Supp. at

825.   Moreover, it is the convenience of non-party witnesses, rather than of party witnesses, that

is more important and is accorded greater weight in a transfer of venue analysis.   *See Shoemake*,

233 F. Supp. 2d at 832 (citing *State St. Capital Corp. v. Dente*, 855 F. Supp. 192, 198 (S.D. Tex.

1994)); *LeDoux*, 218 F. Supp. 2d at 837; *Mohamed*, 90 F. Supp. 2d at 775.   Where the key

witnesses are employees of the party seeking transfer, their convenience is entitled to less weight

because the party is able to compel their attendance.   *See Z-Tel Commc'ns, Inc. v. SBC Commc'ns,

Inc.*, 331 F. Supp. 2d 567, 573 (E.D. Tex. 2004); *Continental Airlines, Inc.*, 805 F. Supp. at

1397.   Hence, it is "the location of key, non-party witnesses that dominates." *Mohamed*, 90 F.

Supp. 2d at 775.

    "[W]hether transfer is sought for key party or non-party witnesses, the moving litigant must

make more than a general allegation that the key witnesses are inconveniently located." *Mohamed*,

90 F. Supp. 2d at 775 (citing *Robertson*, 42 F. Supp. 2d at 657).   "Conclusory allegations are not

sufficient—the moving party must identify the key witnesses to be called and present a generalized

statement of what their testimony would include." *Williams v. Southern Towing Co.*, No. Civ. A.

03-2688, 2004 WL 60314, at *2 (E.D. La. Jan. 8, 2004); *accord Z-Tel Commc'ns, Inc.*, 331 F.

Supp. 2d at 574; *Holmes v. Energy Catering Servs., L.L.C.*, 270 F. Supp. 2d 882, 887 (S.D. Tex.

2003); *Mohamed*, 90 F. Supp. 2d at 775.   In determining whether a particular venue is more

convenient to witnesses, the court should inquire into the nature and quality of the witnesses'

potential testimony with regard to the issues in dispute rather than limit its investigation to a review

of which party can produce the longer witness list.  *See Aquatic Amusement Assocs., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990).  Courts have "'uniformly refused to let applications for transfer become a battle of numbers.'"  *Woolf*, 176 F. Supp. 2d at 650 (quoting *Dupre*, 810 F. Supp. at 826); *accord Fletcher v. Southern Pac. Transp. Co.*, 648 F. Supp. 1400, 1402 (E.D. Tex. 1986).

        In the instant case, Home Depot supplies a list of potential witnesses, all of whom reside in the Southern District of Texas.  Vince Fitzpatrick, a Home Depot employee who lives and works in Pearland, Texas, investigated Johnson's alleged injury.  Janet Schleider, who lives and works in Pearland, Texas, is Johnson's supervisor at Home Depot.  Jannell Carr, who was Johnson's supervisor at the time of incident, lives in Houston, Texas, and works in Pearland, Texas.  These named individuals have knowledge of relevant facts regarding the incident as well as Johnson's condition.

        In addition to its key party witnesses, Home Depot lists physicians and other healthcare personnel who treated Johnson after her alleged injury.  Each of these individuals has an office in Houston or the surrounding area.  Specifically, the offices of Dr. Anthony Melillo, Dr. David Lawrence, Jr., Dr. John D. Dang, and Dr. J. Martin Steward are located in Houston, Texas; the office of Robyn Oxley is located in Webster, Texas; and the office of Dr. Mark Savrick is located in Nassau Bay, Texas, all in the Southern District of Texas.

        Overall, the convenience of the parties and witnesses would be served by a transfer of venue.  While courts give less weight generally to the convenience of party witnesses, whose attendance can be compelled by their employer, and treating medical personnel, whose testimony can be supplied through depositions and supplemented with medical records, the fact remains that

no witness has been identified who resides in the Eastern District of Texas.  Because venue is considered convenient in the district or division where the majority of witnesses are located and all identified witnesses in this case reside in the Southern District of Texas, the convenience of the witnesses weighs strongly in favor of a transfer.

In some cases, the location of books and records is of paramount importance in determining whether a transfer is warranted.  *See Dupre*, 810 F. Supp. at 826-27.  Typically, a personal injury action does not fall into this category of cases.  *See id*. at 827.  Here, although neither of the parties has provided evidence as to the specific location of relevant books and records, the medical reports and investigatory materials at issue in this case presumably remain with their respective authors and custodians in the Southern District of Texas.

### 2.      The Availability of Compulsory Process

Home Depot has not indicated that transferring the case to the Southern District of Texas is necessary to compel the attendance of any witnesses.  On the other hand, Johnson has not indicated that retaining the case in Beaumont is necessary to compel the attendance of any witnesses.  At this point in time, neither party has identified a witness located beyond the 100-mile subpoena power of this court.  Accordingly, this factor is given no weight in the analysis.

### 3.      Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses

As discussed above, nothing in the record indicates that Home Depot or Johnson intends to call any witness who lives in the Eastern District of Texas.  Because Johnson and all persons identified as likely to have relevant information are located in the Southern District of Texas, reason dictates that the costs of obtaining the attendance of witnesses and other trial expenses

should decrease for all parties if this action is transferred to that district. Hence, this factor weighs in favor of a transfer.

### 4. Other Practical Problems and Considerations

#### a. Place of the Alleged Wrong

The place of the alleged wrong is a significant factor in the transfer analysis, and, in this case, it weighs heavily in favor of a transfer. *See Hanby*, 144 F. Supp. 2d at 678; *Houston Trial Reports, Inc.*, 85 F. Supp. 2d at 670; *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997); *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1067 (S.D. Tex. 1996); *Dupre*, 810 F. Supp. at 827. It is "incumbent upon the Eastern District Court to consider . . . the site of the accident." *In re Volkswagen AG*, 371 F.3d at 205. In this instance, the acts giving rise to Johnson's claims took place at the Silver Lake/Pearland Home Depot store, which is located in the Southern District of Texas. There is no indication that the purported accident occurred in whole or in part in the Eastern District of Texas. *See Hanby*, 144 F. Supp. 2d at 678. Because the alleged wrong appears to have occurred solely in the Southern District, this factor strongly supports a transfer.

#### b. Plaintiff's Choice of Forum

In determining the propriety of a transfer of venue under § 1404(a), the plaintiff's choice of forum is not accorded the decisive weight it enjoys under the doctrine of *forum non conveniens*. *See Reyno*, 454 U.S. at 253-54; *Radio Santa Fe, Inc.*, 687 F. Supp. at 287. Today, the choice of forum is "clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434 (citing *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970)); *accord Shoemake*, 233 F. Supp. 2d at 830. Nevertheless, "[t]he

plaintiff's choice of forum is normally given deference, especially when the forum is the plaintiff's 'home.'" *Houston Trial Reports, Inc.*, 85 F. Supp. 2d at 670; *see also Time, Inc.*, 366 F.2d at 698; *Dearing v. Sigma Chem. Co.*, 1 F. Supp. 2d 660, 665 (S.D. Tex. 1998); *Henderson*, 918 F. Supp. at 1067-68; *Dupre*, 810 F. Supp. at 828.  "'The preference for honoring a plaintiff's choice of forum is simply that, a preference; it is not a right.'" *Isbell v. DM Records, Inc.*, No. Civ. A 3:02-CV-1408-G, 2004 WL 1243153, at *16 (N.D. Tex. June 4, 2004) (quoting *E.I. Dupont de Nemours & Co. v. Diamond Shamrock Corp.*, 522 F. Supp. 588, 592 (D. Del. 1981)); *accord The Whistler Group, Inc. v. PNI Corp.*, No. Civ. A. 3:03-CV-1536-G, 2003 WL 22939214, at *6 (N.D. Tex. Dec. 5, 2003).

Plaintiff's choice of forum is "given less weight when the plaintiff brings suit outside its home district." *Id.* at *2; *accord Shoemake*, 233 F. Supp. 2d at 831-32; *Hanby*, 144 F. Supp. 2d at 677; *Rock Bit Int'l, Inc. v. Smith Int'l, Inc.*, 957 F. Supp. 843, 844 (E.D. Tex. 1997). Furthermore, the significance of the plaintiff's choice of forum is reduced when most, if not all, of the operative facts occurred outside the plaintiff's chosen forum. *See Lindloff v. Schenectady Int'l*, 950 F. Supp. 183, 185 (E.D. Tex. 1996). When the chosen district has little or no factual nexus to the case, the plaintiff's choice of forum is accorded less deference if other factors weigh in favor of a transfer. *See Shoemake*, 233 F. Supp. 2d at 830-31; *Conway v. Lenzing Aktiengesellschaft*, 222 F. Supp. 2d 833, 834 (E.D. Tex. 2002); *Hanby*, 144 F. Supp. 2d at 677; *Robertson*, 42 F. Supp. 2d at 656.  In light of the fact that Johnson's home district is the Southern District of Texas and the alleged accident occurred in that district, Plaintiff's choice of forum, while being given some weight, should yield to the substantial factors militating in favor of a transfer.

11

c.     Possibility of Delay and Prejudice if Case is Transferred

One practical problem to be considered with regard to a transfer of venue is the possibility of delay because "'[a] prompt trial . . . is not without relevance to the convenience of parties and witnesses and the interest of justice.'" *Dupre*, 810 F. Supp. at 827 (quoting *Fannin v. Jones*, 229 F.2d 368, 369-70 (6th Cir.), *cert. denied*, 351 U.S. 938 (1956)); *accord Houston Trial Reports, Inc.*, 85 F. Supp. 2d at 671-72.  In *In re Horseshoe Entertainment*, the Fifth Circuit "recognize[d] that in rare and special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."  337 F.3d at 434; *accord Shoemake*, 233 F. Supp. 2d at 834-35.

Johnson has provided insufficient evidence to support her assertion that a transfer would result in significant delay and prejudice.  While there appears to be a four-month difference in the median time between filing and trial in the Southern District of Texas as compared to the Eastern District of Texas, such difference is *de minimis*.  Furthermore, in light of the fact that Johnson filed her original complaint on June 29, 2005, less than two months ago, much work remains to be done before this case can proceed to trial.  *See The Whistler Group, Inc.*, 2003 WL 22939214, at *6. No status conference with the court has been scheduled, no scheduling order has been entered, no trial date has been set, and no discovery has taken place.  In this instance, a transfer of venue at the inception of this litigation should not delay the resolution of Johnson's claims significantly or result in prejudice to any party.  *See Gonsalez Moreno v. Milk Train, Inc.*, 182 F. Supp. 2d 590, 598 (W.D. Tex. 2002); *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1051 (S.D. Tex. 2000).  Accordingly, this factor does not weigh against a transfer.

12

C.    Public Interest Factors

1.    Local Interest in Having Localized Disputes Decided at Home

In addition to private interest considerations, the court must also consider public interest factors when determining whether a case should be transferred.  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *In re Volkswagen AG*, 371 F.3d at 203; *Purdy*, 356 F. Supp. 2d at 659. One element to be considered is the local interest in having localized controversies decided at home. *See Gilbert*, 330 U.S. at 509; *In re Volkswagen AG*, 371 F.3d at 203; *Purdy*, 356 F. Supp. 2d at 659.

This public interest factor favors a transfer, as the plaintiff resides in the Southern District of Texas and the incident giving rise to this action occurred there.  Because it is alleged that Johnson sustained injuries as a result of an accident that took place at the Home Depot located in Pearland, Texas, the citizens of the Southern District of Texas have a far greater interest in determining whether Home Depot acted negligently in allowing unsafe conditions to exist at that store.

Additionally, it is contrary to the public interest to encumber the citizens of this district with a case that has no meaningful connection to or impact on the local community.  *See In re Volkswagen AG*, 371 F.3d at 206.  "Jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation." *Gilbert*, 330 U.S. at 508-09; *see In re Volkswagen AG*, 371 F.3d at 206; *Mohamed*, 90 F. Supp. 2d at 766.  Accordingly, it is more appropriate to impose the burden of jury duty on citizens of the Southern District of Texas than on persons residing in the Eastern District of Texas, as the Southern District of Texas has a strong local interest in this matter, while the Eastern District of Texas has no similar interest.  *See*

*Shoemake*, 233 F. Supp. 2d at 835; *Hanby*, 144 F. Supp. 2d at 679; *see also Gilbert*, 330 U.S. at 508-09; *In re Volkswagen AG*, 371 F.3d at 206; *Robertson*, 42 F. Supp. 2d at 659.

Moreover, a court "possesses a compelling interest in ensuring that individuals who are injured within [its] district receive prompt and fair compensation for their injuries." *Dupre*, 810 F. Supp. at 827.  Because Johnson's alleged injuries were sustained in Pearland, Texas, the Southern District has a more compelling interest in seeing that Johnson promptly receives any compensation she is due.

Thus, adjudicating this matter in the Southern District of Texas would unburden a community with no strong local interest, would alleviate the concern of encumbering citizens of an unrelated forum with jury duty, and would allow the court located in the district where the plaintiff was purportedly harmed to determine whether she receives fair compensation for her injuries.  *See In re Volkswagen AG*, 371 F.3d at 206; *Shoemake*, 233 F. Supp. 2d at 835; *Hanby*, 144 F. Supp. 2d at 679; *Robertson*, 42 F. Supp. 2d at 659; *Dupre*, 810 F. Supp. at 827.

### 2.   Administrative Difficulties Flowing from Court Congestion

Another element to be considered stems from the administrative difficulties that arise when courts become congested with litigation that should have been handled at its place of origin.  *See Gilbert*, 330 U.S. at 508; *Mohamed*, 90 F. Supp. 2d at 766; *Rock Bit Int'l, Inc.*, 957 F. Supp. at 844.  The efficient administration of the court system is vital to all litigants, as well as the public at large.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 529 (1990).  While the Eastern District of Texas may presently have a shorter median time between filing and trial when compared to the Southern District of Texas, if courts retained cases based on the speed of disposition alone, this forum could become congested with a docket of cases having no rational relationship to the Eastern

14

District or to this court's judicial resources.  *See Rock Bit Int'l, Inc.*, 957 F. Supp. at 844. Accordingly, this factor weighs in favor of a transfer.

                  3.      Familiarity of the Forum with the Law and Avoidance of Unnecessary Problems of Conflict of Laws

This action is governed by federal procedural law and Texas state substantive law, which would be applied whether the action were pursued in the Eastern District of Texas or the Southern District of Texas.  *See Hanby*, 144 F. Supp. 2d at 679.  As such, this factor is given no weight in the transfer analysis.

III.     Conclusion

Finally, Johnson does not contend that she would be denied a fair trial in the Southern District of Texas.  In the absence of such a concern, Home Depot has met its burden to show that a balance of the relevant factors and circumstances substantially favors a trial in the Southern District of Texas.  Venue is proper in the Southern District of Texas because that is where the significant events and the alleged acts and omissions giving rise to Johnson's claims occurred.  *See* 28 U.S.C. § 1391.  A transfer of venue would not merely shift the balance of inconvenience from Home Depot to Johnson, but, instead, would lessen the burden on both parties as well as the witnesses.  The plaintiff resides in the Southern District of Texas, the identified witnesses reside in that district, and the alleged incident occurred there.  Accordingly, the court concludes that the convenience of the parties and witnesses, along with the interest of justice, would best be served by transferring this case to the Southern District of Texas.  *See, e.g.*, *Shoemake*, 233 F. Supp. 2d at 836; *Conway*, 222 F. Supp. 2d at 834; *Seabulk Offshore, Ltd.*, 201 F. Supp. 2d at 756; *Karol v. Resolution Trust Corp.*, 839 F. Supp. 14, 16-17 (E.D. Tex. 1993).

Because Pearland is located in Brazoria County, which lies within the Galveston Division of the Southern District of Texas, venue is proper in the Galveston Division. *See* 28 U.S.C. § 124(b)(1). Therefore, Home Depot's motion to transfer venue to the Southern District of Texas is GRANTED, but the transfer shall be to the Galveston Division rather than the Houston Division.

SIGNED at Beaumont, Texas, this 25th day of August, 2005.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE